UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

GEORGE A.  SCHICHTEL          12-10670 CLB
DEBRA G.  SCHICHTEL


                    Debtors          DECISION & ORDER
------------------------------------------------------


          Andreozzi, Bluestein, Weber, Brown, LLP
          Daniel F.  Brown, Esq.  of counsel
          9145 Main Street
          Clarence, New York 14031
          Attorneys for the Debtors

          Gross, Shuman, Brizdle & Gilfillan, P.C.
          Robert J.  Feldman, Esq., of counsel
          Janet G.  Burhyte, Esq., of counsel
          Attorneys for Chapter 7 Trustee, Mark S.  Wallach


Bucki, Chief U.S.B.J., W.D.N.Y.

      The Chapter 7 trustee seeks to administer various assets that came into existence

after this case was initially filed in Chapter 11, but prior to the date of conversion.  The

present dispute focuses on whether these assets are property of the Chapter 7 estate.

      George and Debra Schichtel filed a joint petition for relief under Chapter 11 of the

Bankruptcy Code on March 7, 2012.  At the same time, a petition under Chapter 11 was

filed on behalf of Select Tree Farms, Inc., a corporation owned by Mr. Schichtel.  Mrs.

Schichtel then passed away on November 14, 2012, a date more than 180 days after the

commencement of her bankruptcy proceeding.  Claiming that his wife died as a result of

medical malpractice, George Schichtel thereafter joined with his three children in

commencing an action in state court for damages resulting from personal injury and the

wrongful death of Debra Schichtel.

      The associated case of Select Tree Farms, Inc., was converted to Chapter 7 on

February 10, 2014. Meanwhile, the Surrogate's Court for Erie County appointed George A.

Schichtel to serve as administrator for the decedent's estate of Debra Schichtel.  On October 20, 2014, on behalf of both himself and the estate of his deceased wife, George Schichtel moved to convert their joint case into a proceeding under Chapter 7 of the Bankruptcy Code.  As so requested, this Court then granted an order of conversion on October 22, 2014.  A fortnight later, Mr. Schichtel amended the joint schedules to acknowledge the existence of anticipated post-petition tax refunds and of an interest in the causes of action for personal injury and wrongful death.  Mr. Schichtel indicated that he did not believe that these causes of action were property of the bankruptcy estate, but in any event asserted a claim of exemption with regard to both the causes of action and the post-petition tax refunds.  The Chapter 7 trustee conducted a first meeting of creditors on November 17, 2014, and within thirty days thereafter, filed a timely objection to the debtor's claim of exemptions.  After various adjournments and attempts to settle the matter, the parties scheduled a hearing with regard to the dispute for April 21, 2016.  Although the trustee originally presented his motion as an objection to exemptions, the parties have focused their arguments primarily on whether the refunds and causes of action are properly deemed to be property of the bankruptcy estate.  Accordingly, this court will treat the trustee's motion as both an objection to exemptions and as a request for a determination of the estate's interest in property.

Section 541(a) of the Bankruptcy Code states that the commencement of a bankruptcy case creates an estate, and that that estate is comprised of seven categories of property.  The chief of these categories is identified in subdivision (a)(1) of this section, which provides that with exceptions not here relevant, the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  Consequently, the estate would surely have included tax refunds due for any pre-petition period, as well as any tort claims that might have accrued prior to the date of bankruptcy filing.  The issue is whether the same outcome applies to similar interests that the debtors acquired between the filing date and the date of conversion.

George Schichtel contends that the disputed assets are not property of the estate, by reason of 11 U.S.C. § 348(a).  This section provides that except in circumstances not here relevant, the conversion of a case from one chapter to another "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."  In Schichtel's view, property of the Chapter 7 estate should therefore be limited to interests that existed pre-petition, without augmentation from interests acquired during the pendency of the case in Chapter 11.

Schichtel's argument must fail because it speaks only to the scope of section 541(a)(1), and not to the full breadth of estate property.  Property of the estate includes not just legal or equitable interests as of the commencement of a case, but six additional categories of property.  For example, section 541(a)(5) incorporates interests that the debtor acquires by inheritance within 180 days of the filing of a bankruptcy petition.  Here, because Mrs. Schichtel died beyond that statutory window, subdivision (a)(5) will have no impact on defining the property of her husband's bankruptcy estate.  Rather, the present dispute is resolved by 11 U.S.C. § 541(a)(7), as  that subdivision is impacted by 11 U.S.C. § 1115.  For all cases in bankruptcy, section 541(a)(7) establishes that the estate will include "[a]ny interest in property that the estate acquires after the commencement of the case."  For cases originally commenced in Chapter 11, the following language of section 1115(a) confirms that the estate includes property acquired between the filing and conversion of a case:

> "In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541 – (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first."

Pursuant to 11 U.S.C. § 348(a), the date of filing of this converted case will remain the date of its filing in Chapter 11.  Nonetheless, by reason of section 541(a)(7), the bankruptcy

estate in Chapter 7 will continue to include the property interests that section 1115 incorporated into the estate during the pendency of Chapter 11.[1]  For Debra Schichtel, these assets will include any claim arising from personal injuries suffered prior to her death.  For George Schichtel, these assets will include any claim for loss of consortium as well as his share of any claim based upon the wrongful death of his wife.  For their joint estate, these assets will include tax refunds related to the earnings of either debtor prior to the conversion of their case to Chapter 7.

For cases converted from Chapter 13 to Chapter 7, except in instances where the conversion is made "in bad faith," section 348(f) provides that property of the estate "shall consist of property of the estate, as of the date of the filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion."  11 U.S.C. §348(f)(1)(A).  Congress chose not to enact a similar limitation for cases converted from Chapter 11.  Consequently, upon conversion of the instant case, the estate in Chapter 7 will incorporate assets and interests acquired during its pendency in Chapter 11.  We agree with the conclusion of the Fifth Circuit Court of Appeals, that "[c]auses of action that belong to the debtor 'at the time the case is commenced' or that are acquired after commencement but before conversion [of the Chapter 11 proceeding] are therefore property belonging to the estate."  *Cantu v. Schmidt (In re Cantu)*, 784 F.3d 253, 257 (5th Cir. 2015); *accord, Pagano v. Pergament,* 2012 WL 1828854 (E.D.N.Y. 2012).

In the action commenced in state court, Mr. Schichtel and his children have asserted causes of action both for the wrongful death of Mrs. Schichtel and for damages resulting to her and Mr. Schichtel as a result of personal bodily injury.  Any recovery for wrongful death would be divided among the decedent's husband and children, so that Mr. Schichtel's bankruptcy estate would include only his allocated portion of any resulting judgment.  On

---

[1]One learned treatise would urge the opposite result, based largely upon evidence of legislative intent to impose the same outcome as in conversions from Chapter 13.  7 COLLIER ON BANKRUPTCY ¶1115.04[1] (ALAN N. RESNICK & HENRY J. SOMMER, eds.-in-chief, 16th ed., 2014).  The unambiguous language of a statute must nonetheless control.  In particular, the treatise fails to consider the effect of 11 U.S.C. § 541(a)(7), which expressly defines the estate to include property that the estate acquires post-petition.

the other hand, damages resulting from personal bodily injury (including loss of consortium) are claims that George and Debra could have asserted on their own behalf, and become assets of the bankruptcy estate by reason of their status as joint debtors.

Although the bankruptcy estate will include the debtors' interest in any causes of action resulting from the alleged medical malpractice, the debtors may also enjoy the benefit of various exemptions.  As authorized by 11 U.S.C. § 522(b)(3) and New York Debtor and Creditor Law § 285, the debtors have here elected to claim state exemptions under New York law.  With regard to the personal injury component of any recovery, Debtor and Creditor Law § 282(3)(iii) allows the debtors to exempt "a payment, not to exceed seventy-five hundred dollars on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependant."  Pursuant to Debtor and Creditor Law § 282(3)(ii), Mr. Schichtel may exempt "a payment on account of the wrongful death of an individual of whom the debtor was a dependant to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."  The scope of exemption, therefore, depends on various issues of fact, including the amount of any recovery for personal injury and whether George and his dependents will reasonably need some portion of any wrongful death recovery for their support.  Until the state court determines the amount and allocation of damages, however, it would be premature to calculate the trustee's interest in any recovery. Accordingly, at this time, we merely hold that the bankruptcy estate must include the non-exempt portion of any damages recoverable by either George Schichtel or the decedent's estate of Debra Schichtel.

The present bankruptcy case was filed on March 7, 2012, and was converted to Chapter 7 on October 22, 2014.  Consequently, the bankruptcy estate would include the entire tax refund for 2013, but only that portion of the 2014 refund that is properly allocated to the pre-conversion period.  In their amended Schedule C, the debtors have also claimed that the pre-conversion portion of any tax refunds are exempt as cash under New

York Debtor and Creditor Law §283. Pursuant to subdivision 2 of this section, however, no such cash exemption is available due to the fact that the debtors have also claimed a homestead exemption. Accordingly, we sustain the trustee's objection to any exemption with respect to tax refunds arising from activity during the pendency of Chapter 11. The parties are directed to schedule a further evidentiary hearing in the event that they are unable to agree on an allocation of refunds or to extent that the debtors wish to assert any other basis for an exemption.

### Conclusion

The objection of the Chapter 7 trustee is sustained, to the effect that the bankruptcy estate will be deemed to include the debtors' interests in any causes of action for medical malpractice and in any tax refunds that may have accrued prior to the date of conversion. Any further objection to claims of exemption is deferred until the state court determines tort liability or upon further application by the parties.

So ordered.

Dated:     Buffalo, New York            _____/s/_____CARL L. BUCKI_____
           August 18, 2016              Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.