------------------------------------------------------

In re

    GEORGE A. SCHICHTEL                                        12-10670 B
    DEBRA G. SCHICHTEL

                        Debtors                                   <u>DECISION & ORDER</u>

------------------------------------------------------

                Gross Shuman P.C.
                Robert J. Feldman, Esq.
                Janet G. Burhyte, Esq.
                465 Main Street, Suite 600
                Buffalo, New York 14203
                Special Counsel to Trustee

                Mark S. Wallach, Esq.
                PO Box 607
                Amherst, New York 14226
                Chapter 7 Trustee

                Joseph W. Allen, Esq.
                Olympic Towers
                300 Pearl Street, Suite 401
                Buffalo, New York 14202
                U.S. Trustee

Bucki, Chief U.S.B.J., W.D.N.Y.

      Special counsel for the Chapter 7 trustee has presented a final application for compensation. The central issue is whether the court should reduce the requested allowance by reason of the absence of benefit from a portion of the services rendered.

      George and Debra Schichtel filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 7, 2012. Mrs. Schichtel died during the pendency of this case in Chapter 11. Nonetheless, as her executor and on his own behalf, George Schichtel converted this joint case into a proceeding under Chapter 7 on October 22, 2014. Shortly after his appointment as trustee, Mark S. Wallach moved for authority to retain the law firm of Gross Shuman P.C. as special counsel. In the order granting that request, this court approved the employment of the firm "on an hourly basis" and for the four limited purposes

identified in the trustee's application.  These defined functions were as follows: (1) to analyze and assist the trustee with regard to the allocation of any proceeds from an outstanding medical malpractice lawsuit; (2) to represent the trustee in the sale of real property at 6701 Chestnut Ridge Road in Orchard Park, New York; (3) to represent the trustee in the sale of real property at 6731 Chestnut Ridge Road in Orchard Park, New York; and (4) to analyze and assist the trustee in determining the validity of the debtors' claim to a homestead exemption in the property at 6731 Chestnut Ridge Road.

Gross Shuman has now completed its services as special counsel and submits a final fee application.  In this application, it seeks compensation of $95,554.50, together with reimbursement of expenses in the amount of $335.89.  Although counsel gave notice of its application to creditors and interested parties, the court has received no objection to the requested allowances.  Nonetheless, at the initial hearing on this matter, the court raised various concerns that special counsel has attempted to address by means of a supplemental submission.

Initially, we note that special counsel seeks compensation based on records that fail to segregate time by project.  Consequently, the application does not satisfy the project billing requirements that the Department of Justice has promulgated pursuant to 28 U.S.C. § 586(a)(3)(A).  *See* United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, 28 C.F.R. Pt. 58, App. A, § (b)(4)(iii)(C).  The court will not on this occasion penalize the applicant for this oversight.  However, we will hold Gross Shuman to the consequences of project allocations that the court has assigned after a review of the text of submitted time entries.

Special counsel has appropriately limited its services to the purposes for which it was appointed.  The submitted time records indicate that the firm spent time having an approximate value of $60,000 on work related to a settlement of the medical malpractice suit.  This settlement resulted in a recovery of $275,000 for the benefit of the bankruptcy estate. Additionally, the time records indicate that Gross Shuman provided services having a value of approximately $3,600 in connection with the sale of the property at 6701 Chestnut Ridge Road.  After satisfaction of outstanding liens and various expenses, this transaction generated net proceeds of approximately $26,000.  As to these two areas of representation and general administrative tasks, the court has no quarrel with the request for compensation. Rather, our only concern relates to services rendered with regard to 6731 Chestnut Ridge Road.

In their bankruptcy schedules, George and Debra Schichtel stated that the property at 6731 Chestnut Ridge Road had a value of $432,800 and that it was subject to outstanding mortgages having principal balances totaling $455,000. The debtors further claimed a homestead exemption as then allowed under New York law in the joint amount of $150,000. By the time that the bankruptcy case had converted to Chapter 7, however, Debra Schichtel had died and her husband no longer resided on the premises. Asserting that George Schichtel and the estate of his deceased wife were not entitled to the benefit of a homestead exemption, special counsel filed an objection to that claim of exemption on December 11, 2014. Meanwhile, based on a belief that the property might have a value in excess of the debtors' estimates, special counsel moved for the appointment of a real estate broker. By order dated February 9, 2015, this court authorized the trustee to employ a broker and to market the property. However, we deferred consideration of the exemption dispute until such time as the trustee was able to secure a contract of sale. Special counsel would eventually confirm that 6731 Chestnut Ridge Road was encumbered by only a single mortgage, and not by a second mortgage identified in the schedules. Nonetheless, the trustee ultimately determined that the property had no equity in excess of outstanding liens. Consequently, the court had no reason to rule on the validity of the debtors' homestead exemption. On November 15, 2015, the trustee filed a notice of his intent to abandon the property.

With regard to issues related to the property at 6731 Chestnut Ridge Road, special counsel performed in excess of 80 hours of service, for which the firm now seeks more than $26,000 of compensation. However, because the trustee ultimately abandoned this asset, the estate derived no monetary benefit from this component of counsel's representation.

Section 330 of the Bankruptcy Code authorizes this Court to allow reasonable compensation to professional persons like the special counsel appointed to serve in the instant case. The statute provides that on its own motion, the court may "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). With regard to these decisions, section 330(a)(3) directs that "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors." Such relevant factors include six considerations specified in the statute. Of particular relevance to the present application is the third of these listed factors, namely "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). Consistent with this provision are the dictates of 11 U.S.C. § 330(a)(4),

which directs that subject to an exception not here relevant, "the court shall not allow compensation for . . . (ii) services that were not – (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case."

In defining the duties of a trustee in Chapter 7, section 704 of the Bankruptcy Code directs that a trustee shall "collect and reduce to money the property of the estate," 11 U.S.C. § 704(a)(1), and shall further "be accountable for all property received," 11 U.S.C. § 704(a)(2). Services that fulfill these functions are therefore necessary to the administration of the estate. In particular, the trustee here needed the services of special counsel to evaluate the potential for liquidation of the estate's equity in the real property at 6731 Chestnut Ridge Road. However, once it was finally determined that the property had no equity, legal services were no longer "necessary to the administration" of the case. From that time, the Bankruptcy Code requires that compensation awards take into account the likely benefit of services to the estate.

Gross Shuman began its representation of the trustee in October of 2014. Time entries indicate that on May 27, 2015, counsel initiated negotiations for a compromise of the first mortgage. In its supplemental submission filed in support of the fee application, the firm acknowledged that "the Trustee was facing a situation where there may have been no interest in 6731 Chestnut Ridge Road for creditors." Nonetheless, with regard to that property, special counsel spent about 27 hours of time from May 27 until the trustee filed his statement of intent to abandon the property on November 9, 2015. Of the total requested compensation of $26,000 for work related to 6731 Chestnut Ridge Road, Gross Shuman seeks approximately $17,000 for services rendered from the date of appointment to May 27, 2015, and approximately $9,000 for services rendered after that date.

Counsel for a trustee is never a guarantor of outcome. Here, services rendered prior to May 27 assisted the trustee in fulfilling the necessary administrative task of accounting for property of the estate. Even though the estate derived no net return from the debtors' homestead, the court will allow full payment of the related request for compensation in the amount of $17,000. A different result attaches to time after May 27. A trustee has no duty to administer over-encumbered property. Having determined that the homestead had no equity in excess of liens, the trustee would have been fully justified in moving for its abandonment. Instead, special counsel worked to negotiate a modification of a claim that the secured creditor had no duty to compromise. With regard to the property at 6731 Chestnut Ridge Road, counsel's services after May 27 were therefore not necessary for the

administration of the estate.  Pursuant to 11 U.S.C. § 330(a)(3)(C), a factor in allowing payment for these services is whether they were "beneficial at the time at which the service was rendered toward completion" of the case.  Because the estate realized no recovery from the homestead, this portion of counsel's fee application fails the test of benefit for the time after the determination of a lack of equity.

The possibility of a compromised secured claim will here preclude the total disallowance of compensation under 11 U.S.C. § 330(a)(4).  Nonetheless, pursuant to 11 U.S.C. § 330(a)(3)(C), benefit to the estate remains a consideration in determining the allowance of compensation.  In the present instance, we attach great weight to this factor, due to counsel's acknowledged awareness from at least May 27, 2015, that the property at 6731 Chestnut Ridge Road had no equity that the trustee could liquidate.  For services related to that property, the court will apply a discount of $6,000 to the $9,000 of time rendered after May 27.

The final fee application of special counsel seeks compensation of $95,554.50.  For the reasons stated herein, the final allowance will be reduced to $89,554.50.  Disbursements of $335.89 are approved in full.  Accordingly, the trustee is authorized to pay to special counsel the total sum of $89,890.39.

So ordered.

Dated:    January 9, 2018
          Buffalo, New York

/s/ Carl L. Bucki
_____
Hon. Carl L. Bucki, Chief U.S.B.J